# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

LYNN H. LYTHGOE, JR.,

        Debtor.

Case No. A07-00658-DMD

Chapter 11

**Filed On 5/8/08**

## MEMORANDUM REGARDING STAY RELIEF

      First National Bank Alaska ("FNBA") seeks relief from the automatic stay to continue prosecution of a judicial foreclosure action pending in Anchorage Superior Court.[1] The action was filed against Harvest Properties, LLC, and its three principals: Lee Baker, Jr., Kenneth Duffus, and the debtor, Lynn Lythgoe. The real property which is the subject of the judicial foreclosure action is a 100 acre parcel located on the Anchorage Hillside. The parcel is owned by the LLC; however, Baker, Duffus and Lythgoe are co-obligors with the LLC on the construction loan FNBA extended to develop the property. The loan, issued in January of 2005, was in the original amount of $4.5 million. The present balance due FNBA is approximately $4.257 million.[2] The loan is secured by a first deed of trust on the Hillside property.

      FNBA filed the judicial foreclosure action on July 10, 2007. It granted the defendants an extension of time to file their answers while settlement negotiations were pursued. Such negotiations were unsuccessful. After the defendants filed answers in the

---

[1] *First Nat'l Bank Alaska v. Harvest Properties, LLC, et al.,* Case No. 3AN-07-8461 CI.

[2] The debtor contests this figure.

state court action, FNBA filed a motion for summary judgment on October 17, 2007. The defendants requested, and received, a 120 day extension of time, or until April 20, 2008, to file their oppositions to the motion for summary judgment.

Lythgoe filed his chapter 11 petition on December 17, 2007. His state court attorney propounded discovery requests against FNBA in the judicial foreclosure action on February 25, 2008. FNBA subsequently filed a motion for relief from stay in this proceeding on April 15, 2008. FNBA seeks to complete the judicial foreclosure of its deed of trust and establish a deficiency judgment against Lythgoe and the other obligors on the note, but does not seek to enforce any judgment it obtains against either the debtor or the bankruptcy estate.

11 U.S.C. § 362(d)(1) permits the court to grant a party relief from the automatic stay for "cause." "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis."[3] Cause can be found for granting relief from stay "when necessary to permit litigation to be concluded in another forum, particularly if the nonbankruptcy suit involves multiple parties or is ready for trial."[4] That is precisely the situation here. There is a pending state court proceeding that involves multiple parties. Although it is not ready for trial, there is a summary judgment motion that has been pending since October 17, 2007. These factors constitute cause and justify relief from stay.

---

[3] *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 163 (9th Cir. 1986), *citing MacDonald v. MacDonald (In re MacDonald),* 755 F.2d 715, 716 (9th Cir. 1985).

[4] 3 *Collier on Bankruptcy* ¶ 362.07[3][a] (15th ed. revised 2007) (footnote omitted).

2

Lythgoe opposes FNBA's motion, but not on the ground that no cause exists. Lythgoe argues that the state court action should be stayed for 90 days because the principals of Harvest are bickering among themselves and need time to find and retain separate counsel. At the present time, Lythgoe and the LLC are both represented by the same attorney in the state court action. Lythgoe says he should be permitted time to find new counsel for the LLC. He also contends Ken Duffus is being irrational and unreasonable, causing needless delay and making a unified defense of the judicial foreclosure action impossible. Lythgoe says FNBA will receive an unfair advantage if the stay is lifted at this point. From my perspective, however, these issues have no bearing on whether FNBA has established cause for relief from stay. They do not appear to have a significant impact on this chapter 11 case and should not preclude a lifting of the stay. The judicial foreclosure action does not affect property of the bankruptcy estate. Moreover, it will accomplish the liquidation of FNBA's deficiency claim against the debtor. There is no showing that Lythgoe's defense of this action would be burdensome or detrimental to his chapter 11 proceeding.

FNBA's judicial foreclosure action has been pending for almost ten months, since July of 2007. Interest continues to accrue on FNBA's $4.2 million debt at a substantial rate. Lythgoe and his co-obligors have received extensions of time to file answers and to respond to a summary judgment motion. The fact that they still have not formulated a unified plan for defending the state court proceeding is no basis for denying relief from stay. It's time for the principals of the LLC to respond to the claims of the bank and have them adjudicated in state court. No further delay is appropriate. An order granting FNBA's

motion for relief from stay will be entered so that the state court action can be concluded. FNBA will, however, be prohibited from executing against property of the bankruptcy estate or the debtor without further order of this court.

    An order will be entered consistent with this memorandum.

    DATED: May 8, 2008

                      BY THE COURT

                        /s/ Donald MacDonald IV
                      DONALD MacDONALD IV
                      United States Bankruptcy Judge

Serve:  J. Siemers, Esq.
        J. Beard, Esq.
        M. Boutin, Esq.
        D. Bundy, Esq.
        W. Choquette, Esq.
        D. Fenerty, Esq.
        P. Hallgrimson, Esq.
        R. Hume, Esq.
        C. Jones, Esq.
        G. Oczkus, Esq.
        W. Hupprich, Esq.
        H. Wade, Esq.
        K. Duffus
        U. S. Trustee

        05/08/08