## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

LYNN H. LYTHGOE, JR.,

          Debtor.

Case No. A07-00658-DMD
Chapter 11

**Filed On 11/12/08**

## MEMORANDUM REGARDING NOVEMBER 7, 2008
## TERM SHEET-PAYMENT PROTOCOL

On October 22, 2008, this court entered an order which granted the debtor's motion to approve priming lien. In conjunction with my approval of that loan, I asked the debtor to submit a written protocol on disbursement of the loan proceeds. My goal was to insure that the loan proceeds were actually used by the debtor to complete the Strawberry Meadows apartment complex, and not used for improvements to the debtor's home, payments to prepetition creditors or other prohibited purposes.

The term sheet-payment protocol filed by the debtor on November 7, 2008, addresses my concerns in a detailed and thorough manner. However, First National Bank Alaska objects to portions of the proposed term sheet. First, it seeks to revise the third sentence of paragraph 7, which states:

> The Debtor may exceed any budgeted line items for any one portion of the construction budget, provided Debtor provides reasonable assurance to the satisfaction of the priming lender and FNBA – or the court (in the event of a dispute) – that the increase has been or will be offset by either a) a reduction in costs from another line item in the budget, b) collected or expected future net proceeds from rental income, or c) funds to be provided by the Debtor.

First National seeks to add a requirement that the debtor may not exceed a line item in the construction budget unless he demonstrates that, within 30 days, the increased cost will be offset. The debtor argues that this 30 day requirement is simply too arbitrary and that the court and the parties should retain maximum flexibility to address developments as they occur. First National counters by noting that in ordinary construction loans, a borrower has no 30 day grace period and would have to provide immediate cash to fund an excess draw.

Having considered both parties' positions, I will adopt an alternative approach. Language will be added to the third sentence of paragraph 7 clarifying that the increase has been or will "within a reasonable amount of time" be offset. Two new sentences will follow after the third sentence and before the fourth sentence of paragraph 7: "'Reasonable amount of time' as used in this paragraph is presumed to be 30 days. This presumption may be rebutted."

First National also seeks to amend subpart c) of paragraph 7 from "funds to be provided by the Debtor" to "funds otherwise provided or to be provided by the Debtor." I find this change acceptable. Additionally, First National asks that the fourth sentence of paragraph 7 be amended. The fourth sentence states: "The Debtor is authorized to pay construction costs from net proceeds in the operating account as specified below even if proceeds from the priming loan are not sufficient to cover all costs of completion." First National would delete the phrase "even if proceeds from the priming loan are not sufficient

2

to cover all costs of completion" as redundant and unnecessary. I agree. The fourth sentence can end with the word "below."

When the above changes are incorporated, the third and fourth sentences of paragraph 7 will read as follows:

> The Debtor may exceed any budgeted line items for any one portion of the construction budget, provided Debtor provides reasonable assurance to the satisfaction of the priming lender and FNBA – or the court (in the event of a dispute) – that the increase has been or will, within a reasonable amount of time, be offset by either a) a reduction in costs from another line item in the budget, b) collected or expected future net proceeds from rental income, or c) funds otherwise provided or to be provided by the Debtor. "Reasonable amount of time" as used in this paragraph is presumed to be 30 days. This presumption may be rebutted. The debtor is authorized to pay construction costs from net proceeds in the operating account as specified below.

Paragraph 14 of the term sheet-payment protocol discusses interest payments. The third sentence of paragraph 14 specifies that interest accrued on the priming loan through March 31, 2009, will be paid in 12 equal monthly installments. Based on Mr. Seimers' discussion with Rick Jones, there will be no payments of "interest on interest" for the interest which has accrued through March 31, 2009. Mr. Seimers should add language to paragraph 14 to clarify this point.

With regard to paragraph 15, interest only payments to First National will be for one month's accrued interest each month. Subsequent payments are to be made in the

same amount on the first business day of each month thereafter, except as otherwise provided in subsequent proceedings. Paragraph 15 should be modified to reflect these details.

Mr. Seimers should incorporate the changes outlined in this memorandum to the draft term sheet-payment protocol which was filed on November 7, 2008. Once these changes have been incorporated, Mr. Siemers should file the final, amended term sheet-payment protocol and lodge a proposed order which approves the document.

DATED: November 12, 2008

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  J. Siemers, Esq.
    J. Beard, Esq.
    D. Bundy, Esq.
    P. Hallgrimson, Esq.
    C. Jones, Esq.
    K. Hill, Esq.
    U. S. Trustee
        11/12/08