JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

| In re<br><br>LYNN H. LYTHGOE, JR.,<br><br>Debtor(s) | Case No. A07-00658-HAR<br>In Chapter 11<br>[Lead Case - Jointly Administered] |
|---|---|
| In re<br><br>LYTHGOE PROPERTIES, LLC,<br><br>Debtor(s) | Case No. A09-00966-HAR<br>In Chapter 11<br><br>MEMORANDUM: (1) DENYING MOTION TO AMEND PLAN AS IT RELATES TO CLASS S-5 [Docket No. 898] and (2) SETTING STATUS CONFERENCE ON OBJECTION TO PROOF OF CLAIM NO. 58 FILED BY ONEWEST BANK [Docket No. 821] [in the Lynn H. Lythgoe, Jr. case] |

Debtor Lynn Lythgoe filed a motion to amend the confirmed plan.[1]  It seeks to amend the treatment "Class S-5: IndyMac Bank" of the confirmed plan.[2]  The court will deny the motion and instead set a status conference on debtor's objection to Proof of Claim No. 58.

1. **MOTION TO AMEND CONFIRMED PLAN SHOULD BE DENIED**- The motion to amend the confirmed plan to alter the treatment of Class S-5 will be denied without prejudice for a number of reasons, a few of which the court will reiterate briefly by the following bullet-points:

---

[1] The motion to amend is at Docket No. 898, entered on 08/28/12; the amended confirmation order is at Docket No. 786, entered on 12/17/10; the *Debtors' Second Amended Joint Plan of Reorganization [September 30. 2010] [Corrected October 6, 2010]* is at Docket No. 734, entered on 10/06/10.

[2] Docket No. 734, at page 7-8.

- The notice[3] is deficient. It does not identify OneWest or IndyMac by name, but only refers to "Class S-5."

- The motion was not served on OneWest or Richard Ullstrom, its attorney.[4] Only a copy of the inadequate notice (see, previous bullet) was mailed to Mr. Ullstrom,[5] but it is likely, given his previous objections to OneWest taking a haircut, that he did not relate it to the OneWest note obligation.

- The triplex is only partly owned by the estate, along with Marcia Lythgoe.[6] The amendment to the interest rate surely will not be able to enhance her interest. There is no discussion of the effect of Marcia's interest.

- Approval of the amendment might entail a cram-down hearing, the expense of which will far outweigh any financial benefit to either side. There is a sharp dispute amongst bankruptcy courts, unresolved in the Alaska bankruptcy court or the Ninth Circuit, as to whether the absolute priority rule applies to an individual chapter 11 case.[7]

As an aside, this motion is presented with indifference to the court and other readers. The docket now has over 900 entries. The motion does not deign to cite to docket numbers or set out key wording verbatim. It left it to the court to laboriously dig through the record to analyze the situation, instead of being pointed to the key documents.

This matter is better addressed by resolving the objection to Proof of Claim No. 58.

---

[3] Docket No. 899, filed 08/28/12.

[4] *See*, certificate of service at page 6 of the motion, Docket No 898, filed 08/28/12.

[5] Docket No. 901, filed 09/20/12.

[6] *Supplemental Consent to Sale of Property and Disclosure of Co-Obligations [Marcia Lythgoe]*, Docket No. 784, filed 12/16/10.

[7] The cases are collected in In re Arnold, 471 B.R. 578, 587-88 (Bankr. C.D. Cal 2012).

MEMORANDUM: (1) DENYING MOTION TO AMEND PLAN
AS IT RELATES TO CLASS S-5 [Docket No. 898] and
(2) SETTING STATUS CONFERENCE ON OBJECTION
TO PROOF OF CLAIM NO. 58 FILED BY ONEWEST BANK
[Docket No. 821] [in the Lynn H. Lythgoe, Jr. case]    Page 2 of 3

2. **A STATUS HEARING WILL BE SET ON OBJECTION TO POC NO. 58**[8]- Apparently there was a sale for enough (or, almost enough) to pay off the OneWest/IndyMac obligation. Debtor's motion shows that $369,347.61 was available for the creditor on May 18, 2011.[9] However, there was a dispute between OneWest and the Lythgoes as to whether there had been a prior reduction in the interest rate – the Lythgoes says yes and the creditor says no – so the sale fell through.

After the sale fell through, the debtor filed a claim objection to POC No. 58. Since there was no pending sale, at a hearing on August 5, 2011, I asked the parties to try to reach a compromise, or at least close a sale and hold any excess proceeds, subject to a court ruling on the objection:

> Court heard arguments of the parties. Matter not ripe since no sale is pending. Parties will try to work out the terms of an agreement to allow this property to be sold, preserving disputed amount for court ruling if they cannot settle. Motion is held in abeyance and can be renoticed without filing a new objection.[10]

I will set a status conference to address a procedure to resolve the objection.

DATED: September 25, 2012

                              /s/ Herb Ross
                                HERB ROSS
                              U.S. Bankruptcy Judge

<u>Serve</u> :
John Siemers, Esq., for debtors
Richard Ullstrom, Esq., for OneWest Bank, FSB
US Trustee
Cheryl Rapp, Deputy Clerk

---

[8] *Notice of Objection to Claim No. 58 [One West Bank – Successor to IndyMac Bank] and Notice of Hearing Thereon*, Docket No. 821, entered on 06/23/11. OneWest Bank, FSB, filed a response at Docket No. 828 on 07/29/11, supported by an affidavit at Docket No. 829 (refiled at Docket No. 830 on 08/01/11). The debtor filed a reply at Docket No. 831 on 08/03/11, supported by an affidavit at Docket No. 832 on 08/04/11. A hearing on the objection was held on August 5, 2011 (*see*, Proceeding Memorandum at Docket No. 834).

[9] *Alyeska Title Guaranty Agency* closing escrow document. Docket 898, Exhibit 5.

[10] *Proceeding Memorandum*. Docket No 834, filed 08/05/11.

MEMORANDUM: (1) DENYING MOTION TO AMEND PLAN
AS IT RELATES TO CLASS S-5 [Docket No. 898] and
(2) SETTING STATUS CONFERENCE ON OBJECTION
TO PROOF OF CLAIM NO. 58 FILED BY ONEWEST BANK
[Docket No. 821] [in the Lynn H. Lythgoe, Jr. case]        Page 3 of 3